232 N.J. Super. 211 (1989)
556 A.2d 1251
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
RICHARD BURNETT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1988.
Decided April 13, 1989.
*213 Before Judges R.S. COHEN and A.M. STEIN.
John J. Scaliti, Deputy Attorney General, argued the cause for appellant (Cary Edwards, Attorney General, attorney; John J. Scaliti, of counsel and on the brief).
Zulima V. Farber argued the cause for respondent (Lowenstein, Sandler, Kohl, Fisher & Boylan, attorneys; Matthew P. Boylan, of counsel; Zulima V. Farber and Dennis F. Gleason on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
We granted leave to appeal from the Law Division's order suppressing evidence taken from defendant's dental office pursuant to a search warrant.
The motion judge suppressed all of the seized evidence on the ground that the search warrant "was impermissibly broad in scope." We reverse and remand for the entry of a modified order limiting the retention of the seized records to a time period of one year prior to the date of the first intercepted telephone conversation set forth in the affidavit submitted in support of the warrant.
Defendant is one of sixteen defendants named in six counts of a fifty-one-count indictment. Count one charges all defendants with conspiring to commit racketeering, N.J.S.A. 2C:41-2d and N.J.S.A. 2C:5-2; count two alleges that all defendants *214 engaged in racketeering, N.J.S.A. 2C:41-2c, and count four charges all defendants with conspiring to violate the various substantive criminal offenses set forth in the other counts of the indictment. Defendant is also charged with two other defendants with theft by unlawful taking (count twenty-nine, N.J.S.A. 2C:20-3), individually with a violation of the Dental Plan Organization Act (count thirty, N.J.S.A. 17:48D-18), and individually with uttering false records to the New Jersey Department of Insurance (count thirty-one, N.J.S.A. 2C:21-4a).
Dr. Burnett is a licensed dentist who operates a dental plan which provides dental care to members of Local 262, AFL-CIO. The plan's offices are located on the second floor of 137 Evergreen Place, East Orange, one floor below the offices of Local 262.
On September 22, 1986, Detective Howard E. Butt of the New Jersey State Police executed a 140-page affidavit in support of the issuance of arrest warrants for forty-two persons and search warrants for fourteen locations, including Dr. Burnett's office. The affidavit purported to outline facts to support the contention that Local 262 was controlled by a prominent organized crime "family." Defendants Ralph Vicaro and Anthony DeVingo are identified as the persons who exercised this control. According to the affidavit, court-authorized intercepted conversations between Vicaro and DeVingo discussed the illegal receipt and division of union money and of control over elected union officials.
The affidavit also recites an intercepted conversation between Vicaro and DeVingo which took place in the Cage Social Club in Newark on February 28, 1986:
... DeVingo identifies the doctor as `coming in on the twelfth ... that's when we're going to get the other money.'
The affidavit then recites that on March 18, 1986, in another intercepted conversation between Vicaro and DeVingo in the Cage Social Club:
... DeVingo related that he called from the `dentist office in the union hall' and that he gave me `eight (hundred) fifty' (dollars). DeVingo then said `I got *215 the seven hundred' and `we got five hundred more coming.' He adds that he got `the eight fifty for this month.' DeVingo also stated that `I even holler at the doctor.' At that time Vicaro said `Give me four hundred and the rest is all yours.'
Elsewhere in the affidavit, Butt recited:
In the February 28, 1986 conversation, DeVingo identified an arson that he helped arrange for Doctor Burnett with several other individuals and supplied details of how the money paid by Dr. Burnett for the arson was divided.
Based upon the above allegations, a search warrant was issued authorizing the search and seizure from the defendant's dental plan office of the following items for the period from January 1, 1976 to the date of execution of the warrant:
1. Record of all receipts from Local Union # 262.
2. Records of all billings to patients belonging to Local Union # 262.
3. Record of all disbursements to Local Union # 262, including books of account, support billings, bank statements and cancelled checks.
4. Records of any other disbursements not associated with Local Union # 262, including books of account, support billings, bank statements and cancelled checks.
5. Any and all contracts, correspondence or other documentation evidencing an agreement between Dr. Richard J. Burnett's dental plan and Local Union # 262.
6. All wage and payroll records of Dr. Richard J. Burnett's employees.
7. Receipts on purchases, expenses and other disbursements concerning operation of Dr. Richard J. Burnett's dental practice.
We conclude that, in light of the facts set forth in Detective Butt's affidavit, the search warrant was not overly broad as to the wide variety of items authorized to be seized from defendant's dental offices. The affidavit spelled out probable cause that defendant and others were engaged in a criminal venture to steal money from Local 262, its dental plan and its union members. The intercepted conversations between DeVingo and Vicaro portrayed defendant as giving kickbacks to members of an organized crime organization which unlawfully controlled Local 262. Probable cause existed for the issuance of this warrant, there being a "fair probability that ... evidence of a crime" would be found in Dr. Burnett's office. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983); State v. Novembrino, 105 N.J. 95, 122-123 (1987).
*216 Indeed, defendant does not even argue that the affidavit and warrant are subject to attack on probable cause grounds. He contends that the warrant is so overly broad as to the types of items seized and the ten-year period of seizure that it authorizes a general search, in violation of the Fourth Amendment of the United States Constitution and its New Jersey counterpart, Art. I, ¶ 7. State v. Sims, 75 N.J. 337, 345-346 (1978).
We reject defendant's contention that the warrant is excessively broad in the nature of the items permitted to be seized. These are all business records maintained in the operation of defendant's dental practice. The seizure and examination of such items is appropriate to the effort to determine the existence of an illegal kickback scheme involving defendant and members of organized crime. The items authorized to be seized by the warrant are listed with considerable particularity. This warrant easily passes constitutional standards of specificity. Andresen v. Maryland, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627, 642 (1976).
We conclude, however, that given the facts set forth in the supporting affidavit, authorization of the seizure of defendant's records covering a period of approximately ten years was overly broad. Nowhere does the affidavit indicate when defendant first entered into any contract or other arrangement to operate Local 262's dental plan, or when he commenced performing any dental services for the union's members. The affidavit establishes probable cause that some time around March 18, 1986, defendant handed $750 in kickback money to DeVingo and that another $500 would be paid by defendant to DeVingo on the following Friday. That portion of the warrant which authorized a search of Dr. Burnett's dental records for this approximate ten-year period is excessive.
We disagree with defendant's contention that the entire warrant should be suppressed because of its overly broad authorization to seize records encompassing the ten-year period. *217 Defendant's constitutional rights are amply protected by reducing the excessive period of ten years to a more reasonable period consistent with the facts set forth in the supporting affidavit. In State v. Dye, 60 N.J. 518 (1972), our Supreme Court held:
In the ordinary case where articles of personal property are seized pursuant to a valid warrant, and the seizure of some of them is illegal as beyond the scope of the warrant, those illegally taken may be suppressed, or excluded at the trial, but those within the warrant do not become so tainted as to bar their receipt in evidence. [At 537].
For the same reason, otherwise admissible evidence should not be excluded because a portion of the warrant authorizes the seizure of records for a time period in excess of that justified by the supporting affidavit. The proper remedy is "redaction," the striking of those portions of the warrant which are invalid for want of probable cause, and preserving those severable portions that satisfy the Fourth Amendment, and our state constitutional counterpart. Aday v. Superior Court, 55 Cal.2d 789, 13 Cal. Rptr. 415, 421, 362 P.2d 47, 53 (1961); United States v. Christine, 687 F.2d 749, 754 (3d Cir.1982). See, also, State v. Masco, 103 N.J. Super. 277, 282 (App.Div. 1968), holding that a search warrant containing a valid command to search premises was not totally void because it also contained an illegal blanket command to search all persons found on the premises. The invalid portions were treated as suplusage.
As Aday, 13 Cal. Rptr. at 421, 362 P.2d at 53 and Christine, 687 F.2d at 754 both point out, redaction is inappropriate where the valid portions of the warrant may not be severable under all circumstances. There is no abuse of the warrant procedure in confining the items seized to a time period consistent with the criminal events described in the affidavit. Professor LaFave points out in his treatise:
... it would be harsh medicine indeed if a warrant which was issued on probable cause and which did particularly describe certain items were to be invalidated in toto merely because the affiant and magistrate erred in seeking *218 and permitting a search for other items as well. 2 LaFave, Search and Seizure: A Treatise on the Fourth Amendment (2d Ed., 1987) § 4.6(f) at 258.
Research reveals no other case in which redaction has been applied to reduce the seizure of records to a time period less than that authorized by the search warrant. The cases authorizing severance of tainted from untainted materials in a search warrant all deal with items rather than time periods. Annotation, "Propriety in State Prosecution of Severance of Partially Valid Search Warrant and Limitation of Suppression to Items Seized Under Invalid Portions of Warrant," 32 A.L.R. 4th 378 (1984); Annotation, "Propriety in Federal Prosecution of Severance of Partially Valid Search Warrant and Limitation of Suppression to Items Seized Under Invalid Portions of Warrant," 69 A.L.R.Fed. 522 (1984). We see no reason to distinguish between making redaction of improper items and cutting back the number of years in which otherwise untainted evidence may be properly seized and retained.
Considering the facts set forth in the affidavit issued in support of the search warrant, the seizure of defendant's records should be limited to a period inclusive of one year prior to February 28, 1986  the date of the first intercepted conversation between DeVingo and Vicaro  and the date of execution of the search warrant. This is the longest period which could reasonably have been granted by the issuing judge upon the initial application for the search warrant.
Finally, we note that certain of the items seized, Dr. Burnett's appointment books for 1984, 1985 and 1986, were not authorized for seizure by the warrant. They remain suppressed. State v. Dye, supra, 60 N.J. at 537.
The order of suppression is reversed. The matter is remanded to the Law Division for entry of a new order and for further proceedings consistent with this opinion. We do not retain jurisdiction.